CASE 93.—ACTION BY J. E. GAITSKILL AND OTHERS
AGAINST THE BURLEY TOBACCO SOCIETY.—December 17, 1909.

## Burley Tobacco Society v. Gaitskill

Appeal from Clark Circuit Court.

J. M. BENTON, Circuit Judge.

From a decree appointing a receiver for defendant, it appeals.—Reversed.

Account—Time for Bringing Action—Conditions—Precedent.—
Where a corporation, for the purpose of selling tobacco grown by its members, markets the crops of two years and disburses to its members 99 per cent. of the sum realized, and there are certain features of the business unsettled, and some claims of the corporation and certain suits against it pending in court, and the expense necessary to defend the suits and other items of expense have not been ascertained, a complaint by members for an accounting, is premature.

PENDLETON, BUSH & BUSH, T. L. EDELEN, J. H. HAZELRIGG and JOHN R. ALLEN for appellant.

JOUETT & JOUETT and APPLEGATE & CLARK for appellees.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

A receiver was appointed by the judge of the Clark circuit court for certain money, books, and other property of the appellant society, at the suit of appellees, four members of the society, who complained that it had failed to distribute as it should all the proceeds of sales of the 1906 and 1907 pools of tobacco. Appellant is a corporation organized in Jan-

uary, 1907, without capital stock, for the purpose of promoting the interests of the growers of burley tobacco in certain counties of Kentucky, Ohio, and Indiana, and to sell the tobacco of its members. The crops of 1906 and 1907, pooled with it, it sold during the fall of 1908 and summer of 1909. The sum realized was nearly $20,000,000, 99 per cent. of which has been disbursed to the members of those pools. Certain features of the business are yet unsettled, some claims on the part of the society, amounting to some $130,000, and which are pending in court, have not been adjudged, and certain suits against the society and some of its members for damages arising, it is alleged, out of the course of the business, have not yet been disposed of. Those suits involve about $900,000. The expense necessary to defend them has not yet been ascertained. Other items of expense connected with the pools of 1906 and 1907 have not been ascertained or settled. In this state of affairs, complaint by members for an accounting in court is premature. The appointment of the receiver was unauthorized by the state of the record, or by the situation disclosed by it. No other questions are considered or determined.

Judgment reversed, and cause remanded for proceedings consistent herewith.